COMIDAS EXQUISITOS, INC., Appellant,

v.

O'MALLEY & McGEE'S INC., formerly d/b/a Carlos McGee's Mexican Cafe, Inc., Appellee.

COMIDAS EXQUISITOS, INC., Appellee,

v.

O'MALLEY & McGEE'S INC., formerly d/b/a Carlos McGee's Mexican Cafe, Inc., Appellant.

Nos. 85–1323, 85–1373.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1985.

Decided Oct. 18, 1985.

H. Robert Henderson, Des Moines, Iowa, for appellant.

Bruce W. McKee, Des Moines, Iowa, for appellee.

Before HEANEY, JOHN R. GIBSON, and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Comidas Exquisitos, Inc. (Comidas) appeals from the district court's judgment in favor of the defendant O'Malley & McGee's (O'Malley) on Comidas' claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114. O'Malley cross-appeals from the district court's dismissal of its counterclaim for unfair competition. We affirm.

**Trademark Infringement Claim**

Comidas is the registered owner of the trademark Carlos McGee's. It owns two Carlos McGee's restaurants and licenses another in Atlanta, Georgia. Despite its knowledge that Comidas was using the mark, O'Malley opened a restaurant under the name Carlos McGee's in Ames, Iowa. Comidas brought this action claiming that O'Malley infringed on its trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

The district court entered judgment for O'Malley, holding that there was no likelihood of confusion between the Atlanta and Ames restaurants. The district court based its holding on the local nature of the restaurants, their geographic separation, and Comidas' present lack of intent to enter O'Malley's market.

Comidas argues that the district court, in determining likelihood of confusion, gave insufficient weight to the evidence that O'Malley adopted the mark with knowledge of Comidas' use in Atlanta. Comidas also argues that the district court erroneously required it to prove an intention to expand into O'Malley's market as a prerequisite for relief under the Lanham Act.

In order to be entitled to relief for trademark infringement under section 1114 of the Lanham Act, Comidas must prove that a likelihood of confusion presently exists between the use of the mark Carlos McGee's in Atlanta and in Ames. *See John R. Thompson Co. v. Holloway*, 366 F.2d 108, 114 (5th Cir.1966) (plaintiff is not entitled to relief because there is no present likelihood of confusion); *see also WSM, Inc. v. Hilton*, 724 F.2d 1320, 1329 (8th Cir.1984) (liability under the Lanham Act is predicated on use of trademark that is likely to cause confusion). The determination of likelihood of confusion is a question of fact, subject to the clearly erroneous standard of review. *Id.* at 1329.

O'Malley's intent in its unauthorized use of the mark is relevant to a determination of likelihood of confusion. *Squirtco v.*

*Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir.1980). If O'Malley used the mark with the intent to trade upon Comidas' reputation, an inference of likelihood of confusion is raised. *See id.* However, if O'Malley used the mark for some other reason, then its knowing use alone will not raise this inference. *See Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1159 n. 7 (5th Cir.1982) (awareness of another's use of trademark is not by itself indicative of likelihood of confusion); *cf. Sicilia Di R. Biebow & Co. v. Cox*, 732 F.2d 417, 431 (5th Cir.1984) (once a court has determined that the defendant intentionally copied plaintiff's trade dress, it should focus on whether the defendant intended to trade upon the reputation or good will of the plaintiff).

The district court found that O'Malley adopted the mark Carlos McGee's because it thought the name was catchy and not in order to trade upon Comidas' reputation. This finding is not clearly erroneous. Therefore, O'Malley's use of the mark Carlos McGee's with knowledge of Comidas' use in Atlanta does not raise an inference of likelihood of confusion.

Additionally, if O'Malley's use of the Carlos McGee's mark is confined to a distinct geographic market from Comidas' and there is no present likelihood that Comidas will expand into O'Malley's market, Comidas is not entitled to relief because there is no danger of public confusion. *John R. Thompson Co.*, 366 F.2d at 114; *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 364 (2d Cir.1959). *But see Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 613 (7th Cir.1965) (geographic separation is not dispositive if the nature of the business, i.e., hotels, is such that it attracts the traveling public). Comidas simply has no presently enforceable rights in Ames unless it intends to expand into that market area. *John R. Thompson Co.*, 366 F.2d at 114. The district court found that Ames, Iowa, and Atlanta, Georgia, are distinct geographic markets and that Comidas does not presently intend to move into the Ames market area. These findings are not clearly erroneous.

If Comidas begins to expand its business to the extent that it no longer occupies a geographic market distinct from O'Malley's, it may at that time be entitled to relief. *See Mister Donut of America, Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 844 (9th Cir.1969). But at the present time Comidas is not entitled to relief.

We have examined the remainder of Comidas' arguments on appeal and after a review of the record, we find them to be without merit. Accordingly, we affirm the district court's judgment for O'Malley on Comidas' trademark infringement claim.

**Unfair Competition Counterclaim**

■ O'Malley argues that the district court committed error in holding that its counterclaim for unfair competition was not compulsory. Specifically O'Malley argues that the district court failed to consider that its claim encompassed Comidas' entire campaign to halt O'Malley's use of the mark and was not limited to Comidas' present lawsuit. We find this argument to be without merit. O'Malley also asks this court to award attorney fees to it under 28 U.S.C. § 1927. We decline to do so.

Affirmed.